# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| SHANNON LEE BOONE,     ) | |
|     Plaintiff,     ) | |
| ) | |
| v.     ) | CIVIL ACTION NO. 1:23-00254-KD-N |
| ) | |
| BALDWIN COUNTY,     ) | |
|     Defendant.     ) | |

## ORDER

The Plaintiff, **SHANNON LEE BOONE**, initiated this civil action without counsel (*pro se*) by filing with the Court a handwritten document dated June 29, 2023, which has been liberally construed as a complaint. *See* (Doc. 1); Fed. R. Civ. P. 3 & 7(a)(1). The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/7/2023 electronic reference notation).

In submitting the complaint, Boone did not pay the requisite $402 in filing and administrative fees for instituting a civil action, *see* 28 U.S.C. § 1914(a),[1] nor did he file an affidavit and motion for leave to proceed without prepayment of fees, or *in*

---

[1] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). Effective December 1, 2020, the Judicial Conference prescribes an additional $52 "[a]dministrative fee for filing a civil action, suit, or proceeding in a district court." *See* https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited July 10, 2023).

*forma pauperis* (IFP), under 28 U.S.C. § 1915. Upon due consideration, Boone is **ORDERED** to, no later than **AUGUST 4, 2023**, *either* (1) pay to the Clerk of Court the $402 in fees for instituting this civil action, *or* (2) complete and file an IFP motion, using this Court's form, that provides clear answers to all requests for information (even if the answer is "0," "none," etc.). *See* S.D. Ala. GenLR 84 (the Court's forms "illustrate the information that the Court deems necessary in those situations applicable to each form"). The failure to comply with this directive may result in entry of a recommendation to the Court that this action be dismissed without prejudice *sua sponte* for failure to pay the filing fee required by § 1914 and/or for failure to comply with a court order.[2] [3]

---

[2] *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (holding that a district court may dismiss an action for failure to prosecute and obey a court order under both Federal Rule of Civil Procedure 41(b) and the court's inherent power to manage its docket); *Brutus v. IRS*, 393 F. App'x 682, 683–84 (11th Cir. 2010) (per curiam) (unpublished) ("Rule 41(b) provides that, '[i]f the plaintiff fails ... to comply with ... a court order, a defendant may move to dismiss the action or any claim against it.' Fed. R. Civ. P. 41(b). In interpreting this provision, we have held that the district court may *sua sponte* dismiss a case under Rule 41(b). *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). *Sua sponte* dismissal is appropriate 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.' *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir.2009) (quotation omitted).").

[3] The undersigned takes judicial notice of the fact that Boone was the lead plaintiff in a prior lawsuit in this Court against Baldwin County and other defendants, S.D. Ala. Case No. 1:22-cv-00089-CG-N. On the recommendation of the undersigned, that case was ultimately dismissed without prejudice due to Boone's repeated failure to file a proper IFP motion in response to court orders. As Boone has already been made aware of the importance of providing a full, complete IFP motion, he should

The Clerk of Court is **DIRECTED** to send a copy of this Court's form IFP motion to Boone along with this order. That form, as well as other resources for *pro se* litigants, can also be accessed electronically on the Court's website at: https://www.alsd.uscourts.gov/filing-without-attorney.

### NOTICE TO *PRO SE* PLAINTIFF

The Plaintiff is advised that "[a]ll persons proceeding *pro se* shall be bound by, and must comply with, all Local Rules of this Court, as well as the Federal Rules of Civil … Procedure, unless excused by Court order." S.D. Ala. GenLR 83.5(a). S*ee also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("[O]nce a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders."); *United States v. Hung Thien Ly*, 646 F.3d 1307, 1315 (11th Cir. 2011) ("A *pro se* [party] must follow the rules of procedure and evidence and the district court has no duty to act as his lawyer…" (citation omitted)).

For instance, Federal Rule of Civil Procedure 11(a) requires that any paper filed with the Court be signed by a *pro se* party personally and provide that party's "address, e-mail address, and telephone number." *See also* S.D. Ala. GenLR 5(a)(4) ("For filings by *pro se* litigants, the unrepresented party shall personally sign each document filed and shall include, directly beneath the signature line, his or her name, address and telephone number."). Unless and until the Plaintiff registers with

---

not expect the same leniency shown in the prior case should he again fail to submit a proper IFP motion in response to this order.

the Clerk of Court to electronically file with the Court, *see* Administrative Procedure for Electronic Filing in the United States District Court for the Southern District of Alabama, § III(B) (last revised 2/1/2019) (https://www.alsd.uscourts.gov/sites/alsd/files/AdminPro.pdf); Fed. R. Civ. P. 5(d)(3), the Plaintiff must <u>handwrite</u> his signature in order to satisfy Rule 11(a). *See Becker v. Montgomery*, 532 U.S. 757, 763–64, 121 S. Ct. 1801, 149 L. Ed. 2d 983 (2001) ("Becker maintains that typing one's name satisfies the signature requirement and that his original notice of appeal, containing his name typed above "(Counsel of Record)," met Civil Rule 11(a)'s instruction…[H]owever, we are not disposed to extend the meaning of the word 'signed,' as that word appears in Civil Rule 11(a), to permit typed names. As Rule 11(a) is now framed, we read the requirement of a signature to indicate, as a signature requirement commonly does, and as it did in John Hancock's day, a name handwritten (or a mark handplaced)."). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Fed. R. Civ. P. 11(a).

Under this Court's local rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and … must promptly notify the Clerk of any change of address … Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action…" S.D. Ala. GenLR 83.5(b). Additionally, any "request for Court action must be presented by motion and may

not be presented by informal means such as a letter." S.D. Ala. GenLR 7.[4]

**DONE** and **ORDERED** this the **10th** day of **July 2023**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[4] The Court's Local Rules and standing orders can be accessed at: https://www.alsd.uscourts.gov/court-info/local-rules-and-orders