IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHANNON LEE BOONE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:23-00254-KD-N |
| ) | |
| BALDWIN COUNTY, ) | |
|     Defendant. ) | |

## AMENDED REPORT AND RECOMMENDATION[1]

The Plaintiff, **SHANNON LEE BOONE**, initiated this civil action without counsel (*pro se*) by filing with the Court a handwritten document dated June 29, 2023, which has been liberally construed as a complaint. *See* (Doc. 1); Fed. R. Civ. P. 3 & 7(a)(1). The assigned District Judge has referred the complaint to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (7/7/2023 electronic reference notation).

In submitting the complaint, the Plaintiff did not pay the requisite $402 in filing and administrative fees for instituting a civil action, *see* 28 U.S.C. § 1914(a),[2]

---

[1] This Amended Report and Recommendation **WITHDRAWS** and **SUPERSEDES** the previous Report and Recommendation dated April 10, 2024 (Doc. 4). This Amended Report and Recommendation is issued solely to correct drafting errors in the original, and does not alter the undersigned's substantive reasoning or ultimate recommendation.

[2] Under 28 U.S.C. § 1914, "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court … to pay a filing fee of $350," along with "such additional fees only as are prescribed by the Judicial Conference of the United States." 28 U.S.C. § 1914(a)-(b). At the time this suit was initiated, the Judicial Conference prescribed an additional $52 administrative fee for

nor did he file an affidavit and motion for leave to proceed without prepayment of fees, or *in forma pauperis* (IFP), under 28 U.S.C. § 1915. Accordingly, by order entered July 10, 2023, the Court directed the Plaintiff to, no later than August 4, 2023, "*either* (1) pay to the Clerk of Court the $402 in fees for instituting this civil action, *or* (2) complete and file an IFP motion, using this Court's form, that provides clear answers to all requests for information (even if the answer is "0," "none," etc.)." (Doc. 3). To date, the Plaintiff has not complied or filed anything else with the Court. A copy of the order was mailed to the Plaintiff at the address he provided the Clerk of Court when initiating this action, and has not been returned as undeliverable.

A federal district court is authorized to dismiss a case *sua sponte* for failure to prosecute and/or failure to comply with court orders under both Federal Rule of Civil Procedure 41(b) and its inherent power to manage its docket. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). A court can also dismiss a case for failure to pay the filing and administrative fees required by § 1914(a) after failing to show entitlement to IFP status. *Cf. Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[I]f an IFP application is submitted with the complaint in lieu of the filing fee, and the application is thereafter denied, the district court will be free to dismiss the complaint if the fee is not paid within a reasonable time following the denial."). Here, the Plaintiff has failed to comply with a court order to either pay the statutorily-mandated filing fee for this action or move to waive prepayment of that

---

filing a civil action, suit, or proceeding in a district court.

fee under § 1915, and he was warned that failure to comply would result in dismissal for failure to pay the filing fee and/or obey a court order. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion… [O]nce a pro se IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure. These rules provide for sanctions for misconduct and for failure to comply with court orders.").

Upon due consideration of these facts and of the alternatives available to the Court, the undersigned **RECOMMENDS** that this action be **DISMISSED without prejudice** (1) for failure to pay the statutory filing and administrative fees for this action or show entitlement to IFP status; and, additionally and alternatively, (2) for failure to prosecute and/or obey a court order, under both Rule 41(b) and the Court's inherent authority, as no other lesser sanction will suffice.[3] *Link v. Wabash R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (interpreting Rule 41(b) not

---

[3] The undersigned declines to exercise discretion to give Boone a second opportunity to comply. This is because, as the undersigned pointed out in the prior order (*see* Doc. 3 n.3, PageID.8-9), the Court may take judicial notice of the fact that Boone was the lead plaintiff in a prior lawsuit in this Court against Baldwin County and other defendants, S.D. Ala. Case No. 1:22-cv-00089-CG-N. On the recommendation of the undersigned, that case was ultimately dismissed without prejudice due to Boone's repeated failure to file a proper IFP motion in response to court orders. As was already noted upon consideration of that fact, "[a]s Boone has already been made aware of the importance of providing a full, complete IFP motion, he should not expect the same leniency shown in the prior case should he again fail to submit a proper IFP motion in response to this order." (*Id.*).

to restrict the court's inherent authority to dismiss *sua sponte* an action for lack of prosecution); *World Thrust Films, Inc. v. Int'l Family Ent., Inc.*, 41 F.3d 1454, 1456-57 (11th Cir. 1995) (per curiam); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1983); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983) (per curiam).

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection

that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the **11th** day of **April 2024**.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**